## WILLIAMS VS. KETCHUM.

A memorandum in the following form: "I will be responsible for the purchase of goods from W. S. & Co., for H. C. D., or by his order, until I give them notice to the contrary," dated and signed by defendant, *held* to express a consideration, and to be a valid agreement within the Statute of Frauds.

APPEAL from the Circuit Court for *Outagamie* County.

This appeal was taken by the defendant from an order of said court overruling a demurrer to the complaint as not stating a cause of action. The contract declared on is set out in the opinion. The complaint further alleges the sale and delivery of goods to Dougherty by plaintiffs on the faith of defendant's said agreement, and before he gave plaintiffs notice that he would not be responsible for further sales; demand of payment from Dougherty, as the several bills became due, and his failure to pay; that, on &c., plaintiffs and defendant accounted together, and there was found due plaintiffs from defendant, on said several bills, a certain specified sum, of which payment was then and there duly demanded by plaintiffs from defendant, but the same had not been paid, &c.

*C. Coolbaugh*, for appellant, argued that the agreement declared on was void by sec. 2, ch. 107, R. S., because it did not express the consideration. Abbott's Pl. and Forms, 199; 1 Duer, 609-26; *Newcomb v. Clark*, 1 Denio, 226; *Bennett v. Pratt*, 4 id., 275; *Hall v. Farmer*, 5 id., 484; *Brewster v. Silence*, 4 Seld., 207; *Draper v. Snow*, 20 N. Y., 332; *Taylor v. Pratt*, 3 Wis., 674-98; *Hutson v. Field*, 6 id., 407; *McDonell v. Dodge*, 10 id., 108-11; Edwards on Bills (2d ed.), 212 (226). This was not an *original* promise. It contains no new consideration, and no request on the part of *Ketchum*; and he receives no benefit from the transaction. The complaint shows that the goods were sold to Dougherty. Parsons on Con., 498-9; *Tileston v. Nettleton*, 6 Pick., 509; *Matthews v. Milton*, 4 Yerg., 576; *Carville v. Crane*, 5 Hill, 483.

*W. S. Warner*, for respondents, cited *Eastman v. Bennett*, 6

Wis., 232; *Mc Naughton v. Conkling*, 9 Wis., 316; *Chase v. Day*, 17 Johns., 114; *Baker v. Rand*, 13 Barb., 152; *Graham v. O'Niel*, 2 Hall, 474; *Rogers v. Verona*, 1 Bosw., 417; *Griffin v. Keith*, 1 Hilt., 58.

*By the Court*, DOWNER, J. Is there a consideration *expressed* in the written memorandum set out in the complaint, so as to make it a valid agreement, within the statute of frauds? The memorandum is as follows: "I will be responsible for the purchase of goods from Williams, Smith & Co., for A. C. Dougherty or by his order, until I give them notice to the contrary. Chicago, October 9, 1860. (Signed) H. KETCHUM." This is equivalent to saying, if you will sell Dougherty goods, in consideration thereof, I will be responsible for the amount of the sales until notice to the contrary. It has been uniformly held that such memorandums relating to *future* sales, do express, not in so many words, but as gathered from the whole instrument, the consideration, and are valid. This answers, in substance, all the objections to the complaint.

Order of the court below affirmed, with costs.