## WILSON SEWING MACHINE COMPANY

### *vs.*

## C. W. AUGUSTUS SCHNELL, JOHN J. GRONWOLD, AND J. WILLIAM GRONWOLD.

The sufficiency of a complaint founded upon a "special promise to answer for the debt, default or doings of another," considered and determined.

Parol evidence is admissible to show the circumstances under which such a promise was given.

The objection that the consideration for such a promise is not stated, does not apply to a guaranty of a note where the written promise of the debtor sets forth a consideration, and the guaranty refers to the original indebtedness and is made and delivered at the same time therewith.

This is an appeal by the plaintiff, from an order of the district court for Ramsey county sustaining a general demurrer to the complaint, interposed by the defendants Gronwolds. The complaint, after setting out the making of a promissory note by the defendant Schnell, "on or about April 20, 1871," contains, substantially, the following allegations: That on the date last aforesaid, and to induce said plaintiff to advance to said defendant Schnell the consideration of said note, and as security for the payment of said note or obligation, said defendants executed and delivered to said plaintiff their bond or writing obligatory, whereof and by the terms of which said defendants acknowledged themselves held and firmly bound unto said plaintiff in the penal sum of five hundred dollars, upon the condition, however, and said bond or obligation provided that if the said Schnell should redeem or pay said note, at maturity, then the said bond or obligation was to be

Wilson Sewing Machine Company v. Schnell et als.

void. A copy of the note is attached to the complaint and marked "Exhibit A," and is dated "Omaha, Neb., April 20th, 1871." A copy of the paper executed by the defendants, and attached to and made a part of the complaint, and marked "Exhibit B," is as follows: "Know all men by these presents: That we, C. W. Aug. Schnell, city of Omaha, Neb., John J. Gronwold and J. Wm. Gronwold, of the city of St. Paul, Minn., are held and firmly bound to Wilson Sewing Machine Company of Cleveland, Ohio, in the penal sum of five hundred dollars, for the payment of which we hereby bind ourselves and our legal representatives firmly by these presents.

"Now if C. W. Aug. Schnell redeems note dated Apr. 20, for five hundred dollars, which expires August 20th, in favor of Wilson Sewing Machine Co., then the above is to be void.

C. W. AUG. SCHNELL.

[1 dol. rev. stamp cancelled.]       JOHN J. GRONWOLD.

J. WM. GRONWOLD."

Default of payment of the note is alleged in the complaint, and judgment against defendants is demanded. The question presented by the demurrer is as to the sufficiency of the written promise or guaranty of the defendants Gronwolds to answer for the payment of the note made by the defendant Schnell, within the provisions of the Statute of Frauds.

E. C. PALMER, for Appellant.

I. The complaint shows a cause of action against the Gronwolds.

a. If their undertaking is considered as collateral, it appears that the giving of the note and the bond or writing obligatory, was one transaction resting upon the expressed consideration of $500. Both the note and bond express the same consideration.

*Eastman vs. Bennett,* 6 *Wis.* 232 ; *Cheney vs. Cook,* 7 *Wis.* 413 ; *Otis vs. Hazeltine,* 27 *Cal.* 80 ; *Dunning vs. Roberts,* 35 *Barb.* 463 ; *Nabb vs. Koontz,* 17 *Md.* 283 ; *Simons vs Steele,* 36 *N. H.* 73 ; *Hazeltine vs. Lurea,* 7 *Cal.* 32 ; *Durhum vs. Munson,* 2 *N. Y.* 533 ; *Church vs. Brown,* 21 *N. Y.* 315 ; *Leonard vs. Vredenburg,* 8 *John.* 29.

*b.* The bond or writing obligatory, is executed by all the parties upon a good consideration, moving from the plaintiff to one of the obligors ; all the defendants are, therefore, bound as upon an original undertaking.

The complaint alleges that the bond was given to induce the plaintiff to part with the consideration of the note. This indicates an original, not a collateral undertaking.

*Baker vs. Cornwell,* 4 *Cal.* 15 ; *Jones vs. Frost,* 6 *Cal.* 102 ; *Ford vs. Hendrick,* 34 *Cal.* 673.

II. A demurrer will not lie on behalf of the Gronwolds alone.

III. The demurrer does not raise any question under the Statute of Frauds.

*Lawrence vs. Chase,* 54 *Maine,* 196 ; *Rabrahl vs. Lusk,* 35 *Mo.* 316, *ib.* 172 ; *Warner vs. Dickson,* 27 *Ill.* 115.

R. B. GALUSHA, for Respondents.

I. The complaint and exhibits do not show a cause of action against the defendants Gronwold, the obligation sued on being clearly void under the Statute of Frauds.

*a.* The obligation (" Exhibit B,") is purely a collateral one ; a promise to answer for the debt or default of the principal obligor (C. W. Aug. Schnell,) and must by the statute not only be in *writing,* but must also express and state the *consideration* of the promise (see *Statutes of Minnesota, page 334, section* 6,) and unless the obligation does contain the promise

Wilson Sewing Machine Company v. Schnell et als.

and the consideration, the supreme court of this state has held that it would be within the statute and void (*Dufoit v. Gorman*, 1 *Minn., p.* 309.)

The decisions of the supreme court of Wisconsin are to the same effect. The cases cited by plaintiff's counsel in support of his theory will be found on examination not in point, nor applicable to the case at bar, as they arise either upon endorsements of guaranty upon promissory notes, or are cases where the court found that the obligation did express a consideration. On referring to the Wisconsin cases, it will be found that the decisions in cases similar to the one at bar, lay down the law precisely as we claim it to be. See 3*d Chandler*, 31 ; 3*d Wis.* 74 ; 7*th Wis.* 413.

*b.* There is no consideration whatever, expressed or stated in the collateral obligation of the Gronwolds, nor can one be " spelled out" of the instrument. It is simply a naked promise to pay the note of Schnell, in case he makes default ; or as worded in the obligation, " fails to redeem his promissory note." The consideration of the promise is not disclosed or hinted at in the obligation, even remotely. The consideration as alleged in the complaint, for the promise, being the sale and delivery of goods by plaintiff to Schnell, is not referred to, either in the note or obligation. In this case there is no presumption upon the face of the instruments " A " and " B," that they were executed at the same time or place, but if any presumption could arise from them, it is manifestly the contrary one, as the note is executed at Omaha, Nebraska, while Exhibit " B " is alleged to have been executed at St. Paul, Minn., but is without date or place of execution. We claim, however, that it would make no difference in this case, whether they were executed contemporaneously or not, under the decisions hereafter referred to.

*c.* The obligation of the Gronwolds is too indefinite and

unintelligible to maintain an action upon ; it is not under seal, and the note referred to in the condition is not sufficiently identified, to justify a recovery, even if the instrument was not open to the objections before made.

*d.* The decisions in New York during the time that the statutes of that state contained the same provisions as our own, in regard to engagements of this character, are numerous and almost unvarying in holding that the *consideration must be clearly and explicitly expressed* in the obligation or it is void under the statute. The only cases where there is even an apparent deviation from this rule, are the cases of guaranties upon promissory notes.

*Newcomb vs. Clark,* 1 *Den.* 226 ; *Bennett vs. Hough,* 4 *Den.* 275 ; *Smith vs. Ives,* 15 *Wend.* 182 ; *Weed vs. Clark,* 4 *Sand.* 31 ; *Brewster vs. Silence,* 11 *Barb.* 144 ; *Wilson vs. Roberts,* 5 *Bosw.* 100 ; *Baker vs. Dillman,* 12 *Abb. P. R.* 313 ; *Gould vs. Waring,* 28 *Barb.* 444 ; *Clark vs. Richardson,* 4 *E. D. Smith,* 173 ; *Speyer vs. Lambert,* 6 *Abb. P. R. N. S.* 309 ; *Brewster vs. Silence,* 4 *Seld.* 207 ; *Jacket vs. Palmer,* 25 *Barb.* 179 ; *Hall vs. Farmer,* 5 *Den.* 484 ; *Draper vs. Snow,* 20 *N. Y.* 30.

II. If demurrer will lie at all in the action, it will lie on behalf of the Gronwolds, they being the only parties to the suit, who can avail themselves of the Statute of Frauds, and if the complaint and exhibits do not make a sufficient case against them under the statute, they clearly have the right to demur. The same question has been repeatedly raised upon demurrer to complaint in similar actions, without question.

See *Draper vs. Snow,* above cited, and many of the other cases.

III. The plaintiff, by attempting to inject a consideration into the writing declared on, through allegations in his complaint, virtually admits that the instrument does not contain a consideration. He sets up in his complaint the considera-

tion, moving between plaintiff and defendant Schnell, viz. : the sale and delivery of goods, very elaborately, and it can be for no other purpose than to complete the written instrument, and supply a material omission in it, otherwise those allegations are surplusage, and improper pleading. Had the writing contained or expressed the consideration which plaintiff has so carefully pleaded, there would have been no question of the liability of the Gronwolds. The instrument which contains their promise, and which is signed by them, must under the statute be complete in itself, and stand upon its own merits.

See the cases before cited, also 21 *N. Y. Rep.* 426, 427.

*By the Court.*—Ripley, Ch. J.—There is no question, upon the face of the complaint, that the obligation of the Gronwolds is to answer for a debt of Schnell's, for which Schnell continues liable. The complaint states that it was given to induce plaintiff to part to Schnell with the consideration of the note. As he was and is liable thereon, the obligation of the Gronwolds is within the Statute of Frauds. *Birkmyr v. Darnell, Salk.* 27 ; 2 *Smith Lea. Ca.* 311 ; *Forth v. Stanton,* 1 *Saunders,* 311.

It was given upon a sufficient consideration but must not only be in writing, but must express the consideration. *Gen. Stat., p.* 334, *sec.* 6. It is, briefly, a promise to pay the plaintiff $500, if Schnell does not " redeem " a note for $500 in favor of plaintiff, dated April 20, and which expires Aug. 20. It is not necessary that the consideration should appear in express terms. It would undoubtedly be sufficient in any case, if the memorandum is so framed that any person of ordinary capacity must infer from the perusal of it, that such, and no other, was the consideration upon which the undertaking was given. Not that a mere *conjecture,* however

plausible, would be sufficient to satisfy the statute, but there must be a well grounded inference, to be necessarily collected from the terms of the memorandum. *Hawes vs. Armstrong*, 1 *Bingham N. C.* 761 ; *see also Caballeno vs. Slater*, 14 *Com. Bench*, 300.

Perhaps it would not be going too far to say that the obligation refers in terms to a note signed by Schnell. Such seems to be the fair inference from the use of the word "redeem." Assuming this, however, the obligation, in itself, states no consideration for the Gronwolds' promise. On the contrary, while it is undated, referring, as it does, to an *existing* note of Schnell's, the just inference is that the note had been already given, and also, of course, that the consideration thereof was *past* at the time of the making of the promise sued upon, and such a consideration would not support it. Parol evidence, however, is admissible to show the circumstances under which the guaranty was given. *Goldshede v. Swan*, 1 *Exchequer*, 154.

It may be shown, therefore, by parol, that the obligation was executed and delivered at the same moment of time with the note to which it refers. That being so, we think the weight of authority is in favor of the proposition that the objection that the consideration is not stated, does not apply to a guaranty of a note, when the written promise of the debtor sets forth a consideration, and the guaranty refers to the original indebtedness and is made and delivered at the same time therewith. *Nabb v. Koontz*, 17 *Md.* 253 ; *Church v. Brown*, 21 *N. Y.* 315, *per Comstock, Ch. J.* We do not see how the last case is to be otherwise understood than as disapproving and virtually overruling *Brewster v. Silence*, 4 *Seld.* 207 ; *Draper v. Snow*, 20 *N. Y.* 30. Assuming, however, that the Gronwolds' promise does refer, in terms, to the note set out in the complaint, it nowhere appears that it was made and delivered

at the same time therewith so as that both were one transaction. Schnell's note is dated April 20, 1871. The complaint states that it was executed and delivered " *on or about* April 20, 1871," and that the defendants' obligation was executed and delivered " *at the date last aforesaid.*" The date last aforesaid is April 20, 1871. The complaint, therefore, does not even allege that the two papers were executed and delivered on the same day, much less simultaneously. It also states, indeed, that the defendants' promise was made to induce plaintiff to part with the consideration of the note, and as security therefor. The note, however, must (from the terms of the promise itself,) have been already in existence, and the word "redeem" seems necessarily to imply that it was already in plaintiff's possession. Although, therefore, the allegation quoted be held to imply that the consideration of the note had not yet been advanced, there is nothing in this circumstance to show that the execution and delivery of the two papers was one and the same transaction. Neither, in itself, then, nor as viewed in the light of the surrounding circumstances as expressly stated in or even as inferable from the complaint, is there anything from which a just inference can be drawn that the consideration of the note was that, and no other, upon which the undertaking of the Gronwolds was made.

The invalidity of the promise, under the statute, in not stating a consideration, is as apparent upon the face of the complaint, as the fact that it is a promise to answer for Schnell's default. It is as demurrable as it would have been if it had set out a *verbal* promise stating a good consideration. *Brown Stat. Frauds, sec.* 508, 509, *and cases cited ; Lawrence vs. Chase,* 54 *Maine,* 196.

The order appealed from is affirmed.