Argued December 13, 1917, reversed and remanded January 29, rehearing denied February 26, 1918.

## THE OREGON HOME BUILDERS v. CROWLEY.*

(170 Pac. 718; 171 Pac. 214.)

**Appeal and Error—Judgment on Demurrer—Acceptance of Facts in Complaint as True.**

1. For purposes of plaintiff's appeal from judgment rendered on demurrer to the complaint, the statement of facts found in the complaint must be accepted as true.

---

*On the question of mutuality of contract giving real estate broker exclusive authority to sell, or promise him commission in case of sale by anyone else, but not on terms imposing any obligation on him, see notes in 19 L. R. A. (N. S.) 599; L. R. A. 1917E, 1040.

On necessity that agent's authority to purchase or sell real property be in writing to enable him to receive compensation for his services, see notes in 44 L. R. A. 601; 9 L. R. A. (N. S.) 933.

REPORTER.

**Contracts—Consideration—Contract to Pay Commission.**

2. The services rendered by a corporation employed to procure an exchange of realty were the consideration for its employer's promise to pay commission, because the services to be rendered furnished the only inducement for the promise.

[As to when the consideration for a contract is sufficiently expressed, see note in 60 Am. St. Rep. 432.]

**Brokers—Employment of Broker—Writing Stating Amount of Commission—Statute of Frauds.**

3. By the statute of frauds, Section 808, subdivision 8, L. O. L., rendering void an agreement authorizing or employing an agent or broker to sell or purchase realty for compensation or a commission, the writing employing a broker must state the amount of the commission agreed to be paid to him, that being a requirement predicated on the fact that the amount of the commission agreed upon constitutes a term of the contract.

**Words and Phrases—"Consideration"—"Price."**

4. "Price" and "consideration" should not be confounded, for, though sometimes the same, they are not always identical.

**Brokers—Contract of Employment of Broker to Exchange Realty—Writing Expressing Consideration.**

5. The writing signed by an owner of property employing a corporation to procure its exchange, reading that he agreed to pay the corporation in cash as a commission for its services 2½ per cent on the selling price of the price for which the property was sold or at which it was exchanged, satisfied the statute of frauds, Section 808, subdivision 8, L. O. L., as to agreements employing agents or brokers to sell or purchase realty, by expressing the consideration.

**Brokers—Contract—Performance of Action on Which Promise was Conditioned—Conversion of Offer Into a Binding Agreement.**

6. Where a corporate realty broker, employed to effect an exchange of property, did so, thus performing the act on which its employer's promise to pay commission was conditioned, it furnished the consideration necessary to convert its employer's promise to pay commission into an obligation to pay it, thus transforming into a binding agreement, satisfying the statute of frauds, Section 808, subdivision 8, L. O. L., its employer's written offer to pay commission for services in effecting exchange.

**Frauds, Statute of—Good Contract.**

7. Whatever would be a good contract under the law of contract in the absence of the statute of frauds is a good contract in the presence of the statute, providing only that it complies therewith by being in writing and expressing the consideration.

**Frauds, Statute of—Requirements of Writing.**

8. A writing, to satisfy the statute of frauds, Section 808, L. O. L., must show the contracting parties, intelligently identify the subject matter, disclose the terms and condition of the agreement, express the consideration, and be signed by the party to be charged.

ON PETITION FOR REHEARING.

**Contracts—Consideration—Broker's Contract.**

9. An owner's promise in his written offer to pay a commission for the sale or exchange of realty was designed to procure a broker's services, such services to be rendered are taken as the consideration for the promise.

**Brokers—Contract—Statute of Frauds—Consideration.**

10. Under Section 808, subdivision 8, L. O. L., requiring broker's contract to buy or sell to state the consideration, while the consideration must be expressed, it need not be formally and precisely expressed, and it is sufficiently expressed if it appears by necessary inference.

**Brokers—Statute of Frauds—Written Offer—Parol Acceptance.**

11. A written offer may constitute a sufficient memorandum of the broker's written contract required by Section 808, subdivision 8, L. O. L., to charge the party making it, if it is later accepted by parol.

From Multnomah: Robert G. Morrow, Judge.

Department 1. Statement by Mr. Justice Harris.

This is an action by the Oregon Home Builders, a corporation, to recover a commission for procuring an exchange of lands. The trial court sustained a demurrer to the complaint; the plaintiff refused to plead further; a judgment was rendered for the defendant; and the plaintiff appealed. For the purposes of the appeal the statement of facts found in the complaint must be accepted as true. The complaint alleges that on October 26, 1915,

"the defendant, in writing, authorized and employed plaintiff to sell or exchange property of which the defendant was the owner."

The writing is as follows:

"Realty Contract.

"Portland, Oregon, Oct. 26, 1915.

"To the Oregon Home Builders:

"You are hereby employed and authorized to offer for sale or exchange and given the sale of the property described in the margin hereof, at the price and terms noted therein or at such other price and terms as I

may hereafter agree to. You are hereby authorized by me to accept a deposit to be applied on the purchase price of said property, and, in my name, to execute and deliver a binding written contract for the sale and conveyance of the said above-described property. In the event that you find a buyer ready and willing to consummate a deal for said price and terms or on such other terms and price as may be agreed to by me, or place me in touch with a buyer to whom I at any subsequent time sell or convey said property, I hereby agree to pay you in cash, as a commission for your services, the following sums, to-wit, 2½% on the selling price of the price for which said property is sold or at which it is exchanged, which said commission I authorize you to retain out of the first money paid on the purchase price of said property as a deposit, or otherwise.

"I hereby warrant the information given in the margin to be true and that I am in peaceable possession of the said described property, that my title to the same is perfect, and is without encumbrance, except as stated, and that I will furnish a satisfactory abstract of title brought down to the date of sale showing such title.

"In case of an exchange of my said property I have no objection to your representing and accepting compensation from the other party to the exchange as well as myself.

"I agree to furnish an abstract of title to the date of sale.

"I further agree that this contract and the authority hereby conferred shall continue in effect until I give you 15 days' notice of withdrawal.

"J. M. CROWLEY.

"Address 203–4 Panama Bldg.
"Telephone No. M. 2630."

In the margin appears the following:

"If city property, fill the following blanks: Legal description Lot 8, Block 242, E. Portland, Addition to the city of Portland, County of Multnomah, state of Oregon, 40 50 x 100. Location by street or number 89 E. 12th. Price, $20,500.00. Terms, want impr.

farm.  Present encumbrances: Mortgage $5500.00, city liens, bonded, $600.00.  Are interest charges and all bonded assessments paid to date?  Yes.  Character of improvements, Concrete Apt. 5–2 room—14 rooms on second floor with 2 baths.

"1st floor—5–2 rooms and bath $15.00 per month.

"2nd floor—2–2 room, no bath, $12.00 per month. 3–3 room and no bath, $12.00 per month.

"Additional information, 40 x 100 S. W. Cor. 12th and E. Stark.

"Income: Has brought 1500 to 2500 per year.  No expenses."

The plaintiff avers that it "accepted said employment and contract orally."  Continuing, the plaintiff alleges that while the "contract" was still in effect it "found and procured a buyer for said property in the person of one Blanche Todd," who owned some land in Clackamas County.  After "numerous and continuous negotiations * * in many of which plaintiff assisted, associated and participated" Blanche Todd and the defendant exchanged properties.  The property of the defendant was priced at $20,500; and the plaintiff is attempting to recover a commission of $512.50, being 2½% of the selling price.  Reversed and Remanded.

For appellant there was a brief and an oral argument by *Mr. W. B. Shively.*

For respondent there was a brief over the name of *Messrs. Angell & Fisher,* with an oral argument by *Mr. H. D. Angell.*

Mr. Justice Harris delivered the opinion of the court.

1. The only question for decision is whether the writing signed by Crowley satisfies the statute of frauds. The defendant contends that the writing is insufficient to meet the requirements of Section 808, L. O. L., be-

cause (1) it fails to express the consideration; and (2) it is a mere offer and therefore not an agreement. Section 808, subdivision 8, L. O. L., reads thus:

"In the following cases the agreement is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents, in the cases prescribed by law:— * *

"8. An agreement entered into subsequent to the taking effect of this act, authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission."

Our statute was adopted in 1862 as a part of the Civil Code and, as originally enacted, it embraced seven subdivisions which covered the several classes of cases which were provided for by the fourth and seventeenth sections of the English Statute of Frauds. Subdivision 8 was added to our statute in 1909. In each of the eight classes of cases mentioned in Section 808, L. O. L., there must be a writing or writings evidencing the agreement and expressing the consideration. The contention that the writing signed by Crowley does not express the consideration naturally involves two questions: (1) What is the consideration that must be expressed; and (2) when can it be said that the consideration is expressed. There was a reason for inserting in our statute the clause "expressing the consideration." A history of the English statute and the fact that American courts had differed in their views about the necessity of expressing the consideration under their respective statutes of frauds serve to explain the clause in question.

The Statute of Frauds, 29 Car. II, c. 3, became operative in 1677. The fourth section provided:

"And bee it further enacted by the authoritie afore-
said That from and after the said fower and twentyeth
day of June noe Action shall be brought whereby to
charge any Executor or Administrator upon any spe-
ciall promise to answre damages out of his owne Es-
tate (2) or whereby to charge the Defendant upon any
speciall promise to answre for the debt, default or mis-
carriages of another person (3) or to charge any per-
son upon any agreement made upon consideration of
Marriage (4) or upon any Contract or Sale of Lands
Tenements or Hereditaments or any Interest in or con-
cerning them (5) or upon any Agreement that is not
to be performed within the space of one yeare from the
making thereof (6) unlesse the Agreement upon which
such Action shall be brought or some Memorandum or
Note thereof shall be in writeing and signed by the
partie to be charged therewith or some other person
thereunto by him lawfully authorized."

It will be observed that the fourth section does not
in terms require an expression of the consideration.
However, in the celebrated case of *Wain* v. *Warlters,* 5
East, 10, decided in 1804, it was held that the writing
must express the consideration.   Wain and another
were the indorsees and holders of a bill of exchange
dated February 14, 1803, drawn by one Gore upon and
accepted by one Hall, whereby Gore requested Hall 70
days after date to pay to Gore's order 56£, 16s and 6d.
The sum expressed in the bill of exchange became due
and the indorsees retained an attorney to sue Gore and
Hall for the amount due, when Warlters on April 30,
1803, in consideration that the indorsees would forbear
to proceed for the recovery of the amount due on the
bill of exchange, promised the indorsees to pay them
by half-past 4 o'clock that day 56£. and the expenses
which had then been incurred by them on the bill of ex-
change.   The indorsees stayed proceedings against
Gore and Hall and upon the failure of Warlters to make
payment they sued Warlters.   At the trial they pro-

duced a writing signed by Warlters which was in these words:

"Messrs. Wain and Co. I will engage to pay you by ½ past 4 this day fifty-six pounds and expenses on bill that amount on Hall. (Signed) Jno. Warlters, (and dated) No. 2, Cornhill, April 30th, 1803."

Warlters objected to the writing upon the ground that it did not express the consideration. It was held that the word "agreement" included both the promise and the consideration and since the writing only contained the promise and made no reference to the consideration for the promise it did not comply with the fourth section of the statute of frauds. The decision in *Wain* v. *Warlters* has probably caused more discussion than any other case dealing with the statute of frauds. Some of the American courts followed *Wain* v. *Warlters* while others declined to do so: Browne on St. of Frauds (5 ed.), § 390; Anson on Contracts (2 Am. ed.), 70, note 2; 1 Reed on St. of Frauds, §§ 421, 422 and 427; 20 Cyc. 262. Prior to the adoption of Section 808, L. O. L., the courts of this country had been differing in their opinions as to whether or not a statute which required an agreement to be in writing meant that the consideration as well as the promise should be in writing, and in order to make the statute certain the legislature inserted the clause "expressing the consideration." In a few of the states statutes have been enacted, as in Oregon, requiring the consideration to be expressed in the writing while many of the states have expressly provided by statute that the consideration for an agreement within the statute of frauds need not be expressed in the writing; and in those states where the statute, like the English statute of frauds, does not in terms speak of the consideration for the agreement, the courts are still divided upon the question of whether the consideration must be expressed as ruled in *Wain* v.

*Warlters*: Browne on St. of Fr. (5 ed.), §§ 391, 393; 20 Cyc. 262.

The territory of Alaska and the states of Alabama, Minnesota, Nevada and Wisconsin have enacted statutes requiring an expression of the consideration in the writing: Comp. Laws of Alaska (1913), Section 1876; 2 Code of Ala. (1907), Section 4289; General Statutes of Minn. (1913), Section 6998; Revised Laws of Nev. (1912), Section 1075; Wis. Statutes (1913), Section 2307. In Colorado the writing must contain an expression of the consideration if it be a contract for the leasing of land for a longer period than one year or if it be for the sale of any interest in land; Mills' Col. Stat. (1912), Section 3061.

The statute of frauds first enacted in New York on February 26, 1787, like the English statute, did not in terms require an expression of the consideration: 1 N. Y. Revised Laws (1802), p. 79, Section XI. However, the statute was afterwards amended by requiring that the contract or agreement "or some note or memorandum thereof, expressing the consideration, be in writing": 2 Revised Statutes of New York (1829), Ch. 7, Title I, Section 8 and Title II, Section 2, p. 135. In 1863 the legislature again amended chapter 7, Title II, Section 2 of the Revised Statutes by eliminating the words "expressing the consideration": Laws of New York, 86th Sess. (1863); 4 Birdseye's Cumming & Gilbert's Con. Laws of New York Ann., p. 4188, Section 31. This legislation must be kept in mind when reading the New York decisions.

Statutes expressly providing that the consideration need not be expressed in the writing have been enacted in the territory of Hawaii and in the states of Illinois, Indiana, Kentucky, Maine, Massachusetts, Michigan, New Jersey, Virginia and West Virginia: Section 2660, Revised Laws of Hawaii; Section 5869, J. & A. Ill.

Stat. Ann.; 3 Burns' Ann. Ind. Stat. (1914), Section 7464; Section 470, Carroll's Ky. Stats. (1915); Ch. 114, Section 1, p. 1395, Revised Stats. of Me. (1916); Revised Laws of Mass. (1902), Ch. 74, Section 2; Howell's Mich. Stat. (1912), Sections 11,396, 11,403; 2 Comp. Stats. of N. J. (1911), Section 9, p. 2616; Pollard's Code of Va. (1904), Section 2840; W. Va. Code (1913), Section 4171.

Tennessee has a statute which provides that all contracts in writing signed by the party to be bound are *prima facie* evidence of a consideration: Shannon's Ann. Code of Tenn. (1917), Section 3214. In the states of Montana and Idaho a written instrument is by statute made presumptive evidence of a consideration: 1 Rev. Codes of Mont. (1907), Section 5010; 1 Ida. Rev. Codes (1907), Section 3314.

While as already shown courts and legislatures may differ in their views as to whether or not the consideration for an agreement within the statute of frauds must be expressed in the writing, nevertheless it is quite manifest that the term "consideration" has a definite meaning. It does not have one definition when applied to subdivision 8 and another when applied to the remaining subdivisions of Section 808, L. O. L. It cannot have one signification under the English statute and another under the American statutes. The "consideration" which by force of judicial opinion must be expressed to comply with the English and some of the American statutes is the same "consideration" which by force of the statute itself must be expressed to comply with a few of the American statutes; and so too the "consideration" which by force of judicial decision need not be expressed in some of the states is the same "consideration" which by force of statute need not be expressed in many of the states. In brief a

definition of "consideration" applicable to one statute of frauds is equally applicable to all other statutes of frauds, because they all deal with agreements; and a definition which will apply to the first seven subdivisions of Section 808, L. O. L., will likewise apply to the eighth subdivision.

One author defines "consideration" as "a benefit to the party promising or a loss or detriment to the party to whom the promise is made": 9 Cyc. 308. Another text-writer states that "consideration is that which moves from the promisee, or to the promisor, at the express or implied request of the latter, in return for his promise": Clark on Contracts (3 ed.), § 61. Blackstone says that the consideration upon which a contract is made is "the reason which moves the contracting party to enter into the contract": 2 Black. Com. 444. In *Lueddemann* v. *Rudolph,* 79 Or. 249, 257 (154 Pac. 116, 155 Pac. 172), this court said: "The consideration is that which induces a party to act or promise." The same test is announced in *Hildebrand* v. *Bloodsworth,* 12 Or. 75, 78 (6 Pac. 233), and in *Woods* v. *Dunn,* 81 Or. 457, 467 (159 Pac. 1158). A prominent text-writer says that "consideration may be defined as any act or forbearance called for and induced by the promise": 1 Elliott on Cont., § 203.

2. The consideration for the promise upon which this action is brought cannot be said to be a promise made by the plaintiff or money paid by it, because the writing does not state nor is it claimed that the plaintiff gave a promise or paid money for the promise of the defendant. If the consideration is not found in a promise made by the plaintiff or money paid by it then it must be found either in the act performed by the plaintiff or in the commission to be paid. The action is brought upon a promise made by the defendant. The promise is to pay a certain sum of money as a commission. How

can it be said that the commission or the payment of it
is the inducement for the promise to pay it when the .
payment of a fixed commission is a part of the promise
itself. The amount promised measures the extent of
the promise and the payment of the amount is the ful-
fillment of the promise and not the consideration for
the promise. Eliminate the commission and there is
no promise. The promise and the consideration are
not the same thing. The promise to pay is not its own
inducement to pay. In *Wain* v. *Warlters* the action
was brought on the promise of Warlters to pay, while
the consideration for the promise was the forbearance
to sue. The service rendered by the Oregon Home
Builders is the consideration for the promise upon
which this action is brought because the service to be
rendered furnished the only inducement for the prom-
ise: *Hall* v. *Olson,* 58 Or. 464, 466 (114 Pac. 638); *Hen-
derson* v. *Lemke,* 60 Or. 363, 365 (119 Pac. 482); *Woods*
v. *Dunn,* 81 Or. 457, 467 (159 Pac. 1158). In *Roberts*
v. *Griswold,* 35 Vt. 496 (84 Am. Dec. 641), David
Roberts, an attorney, had rendered services for Daniel
B. Griswold and afterwards A. V. Griswold wrote to
Roberts thus:

"I can assure you that he [referring to Daniel B.]
is perfectly good, and will hold myself accountable that
he shall pay you for all the services you have or may
render him in the suit with Sheldon";

and it was held that "the services thereafter to be ren-
dered constituted the consideration." In Browne on
the Statute of Frauds (5 ed.), Section 405, we find the
following:

"As a general rule, however, in all cases where the
language of the memorandum shows with reasonable
clearness that the defendant's promise is designed to
procure something to be done * * by the party to whom
it is made, * * for the promisor, * * such act * * so

stipulated for by the defendant, is taken to be the inducement to his promise.''

The promise made by Crowley was designed to procure the services of the Oregon Home Builders in offering a sale of his land and therefore the services, when rendered, constituted the consideration for the promise.

3, 4. It is true that the writing must state the amount of the commission agreed to be paid to the broker but it is also true that this requirement is predicated upon the fact that the amount of the commission agreed upon constitutes one of the terms of the contract which must be in writing: 3 Jones on Ev., § 429, p. 128. Price and consideration should not be confounded for, though sometimes the same, they are not always identical. Even in those states where the writing need not state the consideration for a promise it is nevertheless generally held that the price agreed upon by the parties must be stated in the writing because, for example in the case of a contract of sale, the price when agreed upon is one of the component terms of the contract: Browne on Statute of Frauds (5 ed.), §§ 376, 381, 381a, 381b; 3 Jones on Ev., § 429, p. 128; 20 Cyc. 269. If, however, one party agrees to sell property to another and the parties do not fix a price it is generally held that the writing need not refer to the price on the theory that what the law is deemed to write into the contract, the parties need not also write: 3 Jones on Ev., § 429, p. 128; Browne on Statute of Frauds (5 ed.), § 377; 20 Cyc. 263. This general doctrine has been applied in California to a statute like our subdivision 8: Deering's Civil Code of Cal. (1915), § 1624, subd. 6. In *Muncy* v. *Thompson*, 26 Cal. App. 634 (147 Pac. 1178), it was held that "in the absence of any agreement as to commission, the agent, if authorized in writing to negotiate a sale of real estate, is entitled to a reasonable

compensation for his services." In Washington, another state with a statute like subdivision 8, it is held that the amount of the commission must be stated in the writing: Pierce's Wash. Code Annotated (1912), Tit. 203, § 3, subd. 5. In *Foote* v. *Robbins*, 50 Wash. 277 (97 Pac. 103), the court said:

"If by the written agreement the payment of a commission by respondents was contemplated, resort must now be had to oral evidence for the purpose of showing the amount of such commission, and that it was to be paid by the appellant as vendor and not by the purchaser as vendee. The unmistakable purpose of the statute was to avoid any such method of fixing the extent of the liability, or the liability itself, of either a vendor or a vendee for the payment of a commission."

This rule was announced on the authority of *Zimmerman* v. *Zehendner*, 164 Ind. 466 (73 Pac. 920, 2 Ann. Cas. 655), construing an Indiana statute in substance the same as ours; and in this connection it is interesting to note that since May 6, 1853, Indiana has had a statute reading thus:

"The consideration of any such promise, contract or agreement need not be set forth in such writing, but may be proved:" 3 Burns' Ann. Ind. Stat. (Rev. of 1914), § 7464.

See also: *Forland* v. *Boyum*, 53 Wash. 421 (102 Pac. 34); *Keith* v. *Smith*, 46 Wash. 131 (89 Pac. 473, 13 Ann. Cas. 975); *Houtchens Co.* v. *Nichols*, 81 Wash. 238 (142 Pac. 674). In at least two of the states, Nebraska and New Jersey, the question is taken from the field of judicial construction by positive statutes which provide that the amount of the commission must be stated in the writing: Rev. Stats. of Neb. (1913), Section 2628, p. 739; 2 Comp. St. of N. J., p. 2617, Section 10. The difference between the views expressed by courts of other jurisdictions as well as the express

statutory requirements in some of the states only illustrate the real difficulties that may arise out of seemingly plain statutes like subdivision 8 of Section 808, L. O. L.   However, all further debate in this state is foreclosed by this court speaking through Mr. Justice BENSON in *Taggart* v. *Hunter,* 78 Or. 139 (150 Pac. 738, 152 Pac. 871), where after an exhaustive presentation by learned counsel and a careful consideration of all phases of the question it was concluded that if the writing is silent upon the amount of the commission to be paid it fails to satisfy the statute of frauds.   Subdivision 8 was designed as a remedy for a twofold evil: (1) Brokers claiming commissions when they had never been authorized to sell; and (2) brokers claiming excessive rates although authorized to sell.   The conclusion reached in *Taggart* v. *Hunter,* that the writing must state the amount or rate of commission to be paid is justified by the history and purpose of the statute.

5. The next question is whether the writing expresses the consideration.   The fact that our statute in terms states that the consideration must be expressed is not to be taken to mean that the expression shall be different in degree from the expression required by *Wain* v. *Warlters* under the English statute.   In one instance an expression of the consideration is required by the legislature and in the other it is required by the judiciary; but both demand that the consideration be "expressed."   The consideration is sufficiently expressed under the English statute if it is expressly stated or if it appears by necessary inference from the terms of the writing: *James* v. *Williams,* 5 Barn. & Ad. 1109; *Raikes* v. *Todd,* 8 Ad. & E. 846.   All the courts, in states having statutes which, like ours, require a writing "expressing the consideration," have given approval to writings in which the consideration appeared

by necessary inference: *Jenkins* v. *Harrison,* 66 Ala. 345, 354; *Nelson* v. *Shelby Mfg. & Imp. Co.,* 96 Ala. 515, 528 (11 South. 695, 38 Am. St. Rep. 116) ; *Wilson Sewing Mach. Co.* v. *Schnell,* 20 Minn. 40, 45; *Osborne* v. *Baker,* 34 Minn. 307, 311 (25 N. W. 606, 57 Am. Rep. 55) ; *Straight* v. *Wight,* 60 Minn. 515, 517 (63 N. W. 105) ; *White Sewing Mach. Co.* v. *Fowler,* 28 Nev. 94 (78 Pac. 1034) ; *Williams* v. *Ketchum,* 19 Wis. 231, 247; *Houghton* v. *Ely,* 26 Wis. 181, 194 (7 Am. Rep. 52) ; *McFarlane* v. *Wadhams,* 176 Fed. 82, 85 (99 C. C. A. 602).

In those jurisdictions where the consideration must be expressed, whether the requirement be by force of statute or by force of judicial decision, it is sufficient if the consideration appears by necessary inference: 3 Jones on Ev. 430; 20 Cyc. 266; 1 Reed on Statute of Frauds, § 429; *Henderson* v. *Lemke,* 60 Or. 363 (119 Pac. 482) ; *Balfour* v. *Knight,* 86 Or. 165 (167 Pac. 484, 485). See, also, *Johnston* v. *Wadsworth,* 24 Or. 494, 502 (34 Pac. 13).

A clear statement of the criterion by which to determine whether the consideration is adequately expressed is furnished in *Hawes* v. *Armstrong,* 1 Bing. N. C. 761, where the point in dispute was whether the consideration sufficiently appeared in the written memorandum. The court said:

"That such consideration does not appear expressly, and in terms, in such memorandum, is apparent on the bare inspection of the writing itself. It is not, however, necessary that such consideration should appear in express terms: It would undoubtedly be sufficient in any case, if the memorandum is so framed that any person of ordinary capacity must infer from the perusal of it, that such and no other, was the consideration upon which the undertaking was given. Not a mere conjecture, however plausible, that the consideration stated in the declaration was that intended by the

memorandum, would be sufficient to satisfy the statute; but there must be a well-grounded inference, to be necessarily collected from the terms of the memorandum, that the consideration stated in the declaration, and no other than such consideration, was intended by the parties to be the ground of the promise.''

See also: *Wilson Sewing Mach. Co.* v. *Schnell,* 20 Minn. 40, 45; 20 Cyc. 266; 3 Jones on Ev., § 430, p. 130; Browne on Statute of Frauds (5 ed.), § 399.

Looking now to the writing signed by Crowley and applying to it the test accepted by nearly all, if not all, the authorities, it will plainly appear that the consideration is expressed in the writing. The promise is to pay a commission. For what? ''For your services'' is the answer given in the very words of the writing, after having first specified the services mentioned. The writing sufficiently states the consideration whether the consideration is the service rendered or the commission to be paid, for both are expressed in the writing. This action is brought upon a promise to pay money. The writing which contains the promise also contains a statement of the consideration for the promise, the services of the broker.

6. The next contention of the defendant is based upon the theory that the writing contains a mere offer and that it does not evidence an agreement. The defendant states his argument thus:

''The respondent's offer was a voluntary one, for which no consideration was given, no mutual promises were exchanged, and nothing of value passed as a consideration. The offer, therefore, was a mere *nudum pactum,* and the appellant acquired no rights by reason of it.''

We may assume that in the beginning the writing only contained a promise by the land owner and that such promise did not amount to an obligation for the

reason that the broker neither paid anything to the land owner nor promised to do anything. The complaint alleges that the broker orally accepted the employment and contract; but we shall assume that the oral acceptance did not convert the promise of the owner into an obligation. In passing, however, it must be noted that there was a meeting of the minds of the parties and nothing depended upon further treaty between them; and this feature distinguishes the instant case from *Lueddemann* v. *Rudolph,* 79 Or. 249 (154 Pac. 116, 155 Pac. 172). In order to present the contention of the defendant in the strongest light possible and for the purpose of viewing it in that position we shall go a step farther and assume, without deciding, that actually entering into the employment by advertising or otherwise attempting to find a purchaser would not change the writing into a binding contract. However, the broker did more than merely try to find a purchaser; he actually produced a person who purchased; he performed the condition of the promise and the owner accepted the performance. The owner promised to pay a commission if the broker found a purchaser; the broker accepted and then performed the condition of the promise by finding a purchaser. The rule applicable to this situation is stated in 6 R. C. L. 687, thus:

"Where one makes a promise conditioned upon the doing of an act by another, and the latter does the act, the contract is not void for want of mutuality, and the promisor is liable though the promisee did not at the time of the promise engage to do the act; for upon the performance of the condition by the promisee, the contract becomes clothed with a valid consideration, which relates back and renders the promise obligatory."

Our own precedents conform with this rule and many illustrations of the doctrine can be found in the recorded opinions of other courts: *Hall* v. *Olson,* 58 Or. 464, 466 (114 Pac. 638); *Krausse* v. *Greenfield,* 61 Or. 502, 511 (123 Pac. 392, Ann. Cas. 1914B, 115); *Roberts* v. *Griswold,* 35 Vt. 496 (84 Am. Dec. 641); *Braniff* v. *Baier,* 101 Kan. 117 (165 Pac. 816, L. R. A. 1917E, 1036); *Des Moines Val. R. Co.* v. *Graff,* 27 Iowa, 99 (1 Am. Rep. 256); *Muscatine Water Co.* v. *Muscatine Lbr. Co.,* 85 Iowa, 112 (52 N. W. 108, 39 Am. St. Rep. 284); *Underwood Typewriter Co.* v. *Century Realty Co.,* 220 Mo. 522 (119 S. W. 400, 25 L. R. A. (N. S.) 1173); *L'Amoreux* v. *Gould,* 7 N. Y. 349 (57 Am. Dec. 524); *Willetts* v. *Sun Mut. Ins. Co.,* 45 N. Y. 45 (6 Am. Rep. 31); *Gurvin* v. *Cromartie,* 33 N. C. 174 (53 Am. Dec. 406); 9 Cyc. 300, 329, 333. When the broker performed the act upon which the promise was conditioned he furnished the consideration which was necessary to convert the promise to pay a commission into an obligation to pay it and thus transformed a *nudum pactum* into a binding agreement.

7, 8. The writing and the contract are not one and the same thing. While the statute makes certain agreements void and declares that no evidence, except a writing or secondary evidence of its contents, shall be available to prove such agreements, yet the statute of frauds has not added any new element to the contract itself. Whatever would be a good contract in the absence of the statute is a good contract in the presence of the statute; provided, only it is in writing and expresses the consideration. The same parties can agree upon the same terms for the same things that they could agree upon and contract for if there were no statute of frauds; but the statute simply requires the

agreement and the consideration to be in writing. Broadly stated, a writing to satisfy the statute of frauds must show the contracting parties, intelligently identify the subject matter involved, disclose the terms and conditions of the agreement, express the consideration and be signed by the party to be charged: *Catterlin* v. *Bush,* 39 Or. 496, 501 (59 Pac. 706, 65 Pac. 1064). The writing signed by Crowley meets every requirement. The parties, the owner and the broker, are named; the subject matter is sufficiently described; the terms and conditions are fully stated; every term and condition is found in the writing including the promise and the consideration for it; and the party to be charged has signed his name to the writing.

The complaint states a cause of action. The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.

MR. JUSTICE BURNETT concurs in the result.

––––––––––

Rehearing denied February 26, 1918.

ON PETITION FOR REHEARING.    REHEARING DENIED.

(171 Pac. 214.)

*Messrs. Angell & Fisher,* for the petition.

*Mr. W. B. Shively, contra.*

Department 1. MR. JUSTICE HARRIS delivered the opinion of the court.

The original opinion states that the contention that the consideration is not expressed involves a determination of two questions: "(1) What is the consideration that must be expressed; and (2) when can it be said that the consideration is expressed." Before attempting to ascertain whether the consideration is expressed in the writing, the original opinion suggests three possible considerations for the promise sued upon; (1) A promise by the broker; (2) payment of money by the broker; and (3) the service to be rendered by the broker. The opinion proceeds to eliminate the first two things suggested, determines that the service rendered by the broker is the consideration, and then undertakes to ascertain whether the consideration is expressed in the writing. The petitioner now insists that the conclusion that the service of the broker is the consideration "cannot be drawn from the facts" and that it is a mere assumption. The plaintiff does not claim that the consideration for the promise of the defendant is to be found in a promise made by the plaintiff or in money paid by it. In his printed brief the respondent persistently and consistently contended that the writing was a *nudum pactum* because without consideration. For example on page 11 of respondent's brief we find the following:

"The consideration, therefore, in the instant case is that which induced the respondent Crowley to sign the offer upon which the appellant relies. If there was a monetary consideration, what was it, and from whom and to whom did it move? The complaint is silent as to this. If there was a mutual covenant or promise on the part of the Oregon Home Builders as an inducement to the respondent Crowley for making

this offer, where is the promise expressed in the writing or in the complaint? The only answer is, there was no such promise, neither is there any expressed in the writing nor any allegation in the complaint that one was made. The conclusion is, as hereinbefore stated, that this written offer was a voluntary one for which no consideration was given, and in which no consideration is expressed."

Again for the purpose of supporting his argument that the complaint is insufficient the respondent says:

"There was no financial consideration given, neither was there a covenant on behalf of the Oregon Home Builders to do or refrain from doing anything."

9. When we concluded that the consideration was not to be found in a promise made by the plaintiff or in money paid by it, we merely determined the nonexistence of what the plaintiff admitted and defendant himself contended did not exist. If it be conceded that the consideration could have been any one of the three things suggested as a possible consideration, and if it is afterwards ascertained that the writing does not express two of those possible considerations, but does express the third one then it is at least fair to conclude that the thing expressed is the consideration; and, moreover, it would be illogical to say that the thing expressed was not the consideration merely because the other two unexpressed things could have been the consideration, and when we find a consideration expressed in the writing the instrument cannot be said to be insufficient merely because some other possible consideration is not expressed. There must be some measure by which to test the sufficiency of a writing and the test is found in the rule found in Browne on St. of Frauds (5 ed.), Section 405, and quoted in the original opinion. Applying this rule to

the writing it is obvious that Crowley's promise to pay a commission was designed to procure the rendition of the service which the plaintiff did render and hence the service "so stipulated for by the defendant, is taken to be the inducement to his promise."

10. The petitioner insists that "there is no specific statement anywhere in the writing stating what the consideration is for Crowley's promise." Although the consideration must be expressed it need not be formally and precisely expressed. In every jurisdiction, it is held that the consideration is expressed if it appears by necessary inference. In every one of the states having a statute requiring the expression of the consideration it is the established rule that the statute is satisfied if the consideration appears by necessary inference; and so, too, where an expression of the consideration is required by force of judicial decision the requirement is fulfilled if the consideration appears by necessary inference. The courts have differed upon many questions arising out of the statute of frauds, but upon this question all jurisdictions are agreed. The rule that the consideration is sufficiently expressed if it appears by necessary inference was employed by this court when trying to find a consideration for the writing involved in *Corbitt* v. *Salem Gaslight Co.,* 6 Or. 405, 408 (25 Am. Rep. 541); it was recognized again in *Johnston* v. *Wadsworth,* 24 Or. 494, 503 (34 Pac. 13); it was indubitably adopted and squarely applied in *Henderson* v. *Lemke,* 60 Or. 363, 365 (119 Pac. 482); and it was again applied in the original opinion in the instant case. This rule has been applied for more than a century, is accepted everywhere without protest or dissent, and is thoroughly established in our jurisprudence. Indeed, if there is any departure anywhere from the rule ap-

plied in the original opinion it is one of relaxation rather than restriction, for the language of many cases is more liberal that the language employed in the instant case.

11. The defendant takes the position that the oral acceptance by the plaintiff "was void under the statute of frauds and no proof could be offered thereon." The law is stated in 20 Cyc. 254, thus:

"A written offer may constitute a sufficient memorandum of the contract to charge the party making it if later accepted by parol": See, also, Browne on St. of Frauds (5 ed.), § 345a.

The original opinion is not out of joint with *Lueddemann* v. *Rudolf*, 70 Or. 249 (154 Pac. 116, 155 Pac. 172); nor is it in conflict with *Great Western Land Co.* v. *Waite, ante,* p. 488 (168 Pac. 927, 171 Pac. 193). In the former case the writings disclosed nothing "but fruitless negotiation"; and in the latter the plaintiff was without any writing, signed by the party to be charged, showing a hiring. In neither of these cases did the minds of the parties meet upon an offer made by one and accepted by the other. In the instant case the minds of the parties did meet. The written offer was accepted and after being accepted the condition of the promise was performed. The writing signed by the party to be charged names both parties, describes the subject matter, states the promise, and prescribes the condition upon which the promise is made. Having accepted the written offer and performed the condition, the plaintiff is in a position to compel payment because the writing contains every element necessary to satisfy the statute. The petition for a rehearing is denied.                REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.

MR. JUSTICE BURNETT delivered the following opinion, concurring specially:

In the petition for rehearing in this case counsel for defendant indulge in some criticism of the language used in the opinion by Mr. Justice HARRIS, here quoted:

"The consideration for the promise upon which this action is brought cannot be said to be a promise made by the plaintiff or money paid by it, because the writing does not state nor is it claimed that the plaintiff gave a promise or paid money for the promise of the defendant."

The critique is aimed at and can apply only to the method of the argument by the process of exclusion centering finally upon the construction of the only writing adduced in evidence.

We must all agree that in this case the crucial question is whether the writing of October 26, 1915, quoted at large in the former opinion is sufficient within the statute of frauds to charge the defendant who signed the same. All other questions aside, the controversy narrows down to whether there is an expression in that instrument of the consideration necessary to support the same. Explicitly declaring to the plaintiff to whom the writing was addressed that it is employed and authorized to offer the realty described in the mortgage for sale and to accept a deposit to be applied to the purchase price, the defendant states in so many words:

"In the event that you find a buyer ready and willing to consummate a deal for said price and terms or on such further terms and price as may be agreed to by me or place me in touch with a buyer to whom I at any subsequent time sell or convey said property I will agree to pay you in cash as a commission for your services the following sums," describing the percentage to be paid.

"To express" in the sense used by the statute is "to set forth or manifest to the observation or understanding especially by written or spoken language": Standard Dictionary, title "Express." Webster gives the following definition: "To represent in words; to state; utter; hence to make known or manifest; to give or convey a true impression of." The Century Dictionary defines it thus: "To make known in any way, but especially by spoken or written words." In the excerpt quoted from the instrument which the defendant signed he conveys to the understanding by his written language the thing which induced him to sign the document to consummate a deal for the stated price and terms. In effect he says to the plaintiff: "Your finding a buyer, etc., induces me to sign this writing by which I bind myself to pay you money for your services to be rendered in the respect I have described." The fault in the argument of the defendant seems to be that he thinks the consideration required must be a present consideration; either the concurrent payment of money or a promise coincident in time with the making of the agreement signed by the defendant. It is true that a past consideration *is not,* while on the other hand present consideration *is* competent to sustain an agreement; and it is likewise true that a condition to be performed in the future is a consideration efficient in the support of a present contract. If the future condition is not performed the contract lapses, not because it was void *ab initio* but because the consideration fails, thus releasing the promisor.

It is plain here what moved the defendant to sign the writing upon which he is charged and this moving cause is delineated by the very language of the instrument itself constituting an expression of the con-

sideration within the meaning of the statute. *Luedde-mann* v. *Rudolf,* 79 Or. 249 (154 Pac. 116, 155 Pac. 172), was decided chiefly on the principle that the correspondence did not amount to a contract by offer and acceptance; that "throughout the whole correspondence there is never a point where one party says 'I offer this,' and the other party replies 'I accept it.' " It is not an authority controlling the present issue. Neither is *Great Western Land Co* v. *Waite, ante,* p. 488 (168 Pac. 927, 171 Pac. 193), a parallel case with the one in hand; for in that instance there was no expression of anything which could be counted upon either presently on in the future as an inducement to the defendant to sign the writing upon which the plaintiff sought to charge him.

