**STUBBLEFIELD *v.* IMBLER.**

[54 Pac. 198]

</div>

CONTRACTS—STATUTE OF FRAUDS.—A memorandum signed by two parties reciting an agreement by the party of the first part to deliver certain pasture land to the party of the second part, and an agreement by the latter that the party of the first part can have the use of a specified pasture, is not invalid on the ground that it is merely an unaccepted offer by the party of the first part.    By signing it both parties became bound by its terms to give and take as therein provided.

From Wallowa: ROBERT EAKIN, Judge.

Action by Wm. K. Stubblefield against A. E. Imbler for damages for breach of a contract. Judgment for plaintiff and defendant appeals.

AFFIRMED.

For appellant there was an oral argument by *Mr. D. W. Sheahan.*

For respondent there was an oral argument by *Mr. Jas. A. Fee.*

MR. JUSTICE WOLVERTON delivered the opinion of the court.

This is an action based upon a writing, of which the following is a copy: "Imnaha, April 20th, 1895. I, William K. Stubblefield and Mickle Stubblefield, parties of the first part, and Dishman Bros. and A. E. Imbler, parties of the second part, do enter into the following agreement, towit: We, William K. Stubblefield and Mickle Stubblefield, parties of the first part, do agree to deliver all our range inclosed in pasture on Horse Creek, of Wallowa County, Oregon, to the parties of the second part, except the land now inclosed for farming purposes, for the consideration of $100.00 per year for the period of two years, commencing at the date of this agreement and ending April 20th, 1897, the same to be paid on or before October 1st, of each year; and, further, we, the parties of the first part, agree to deliver to the parties of the second part during said time all the hay that we raise each year on our bench land, except what is required to fill our log barn full and eleven tons additional, all to be well stacked, for the consideration of $10 per ton, on or before October 1st of each year (the hay to be

measured thirty days after stacking). We, the parties of the second part, do agree that the parties of the first part can have the use of the big pasture for their home stock. Witness our hands and seals. Mickle Stubblefield. [Seal.] W. K. Stubblefield. [Seal.] A. E. Imbler. [Seal.] Dishman Bros. [Seal.]'' It is alleged that defendants accepted said contract, and complied with its terms and conditions as it pertains to the first year's use of the range and hay product from the bench land, but that they refused to accept the pasturage or the hay raised by plaintiff upon said bench land for the second. Relief is prayed accordingly, and recovery had by plaintiffs.

The sufficiency of the complaint was challenged by demurrer, and the only question here arises upon the court's action in overruling the same. Two points are urged in support of the demurrer : (1) That the contract does not fulfill the requirements of the statute of frauds, in that it does not state the agreement of the defendants ; and (2) that it lacks in mutuality. The latter is comprehended by the first, for, if the contract states an agreement on the part of the defendants, then it is mutual, as it clearly expresses an undertaking on the part of the parties of the first part. The argument is that the writing contains merely an offer on the part of the plaintiffs, which is not binding upon the defendants until accepted by them ; but the complaint alleges that they accepted the contract. If such is the case, whether verbally or in writing, there was a valid contract between the parties, and the only question is whether it is provable in court under the statute of frauds and perjuries as against the defendants. It is said : "The memorandum must show agreement on the part of the party sought to be charged ; that is, it must show a concluded contract in so far as he is concerned" : Clark,

Cont. 117.  Chief Justice SHAW says: "The contract or memorandum must express the substance of the contract with reasonable certainty either by its own terms or by reference to some other deed, record or other matter from which it can be ascertained with like reasonable certainty.  The statute is intended as a shield.  No particular forms are required, and it looks at the substance of the contract.  It requires a note or memorandum of the contract, not a detail of all its particulars: *Atwood* v. *Cobb*, 16 Pick. 227 (26 Am. Dec. 657).

In an early case in Massachusetts assumpsit was declared against the purchasers of cotton, and the following memorandum was offered, and held sufficient under the statute to charge them with the price, viz.:

"Hartshorn and Arnold, of Providence.  December 13, 1813.  I sold to the above gentlemen 39 bales upland cotton, at 40 cents,— 60 days for approved security.  Silas Penniman.

"*Bill to be made out in the names of Hartshorn & Arnold, Weeden & Billings, and Andrew Taylor.*"

It was proved that the portions of the memorandum appearing in italics were in the handwriting of Hartshorn, and the remainder in the handwriting of Penniman, the plaintiff.  PARKER, C. J., delivered the opinion of the court, and held the memorandum sufficient to bind the defendants, and as it respects the question of mutuality he said: "It is also said that the memorandum is defective, because it does not appear that the obligation was mutual, no counterpart being signed by the vendor, and no legal means of enforcing the bargain against him existing.  But this objection has no weight. The bargain was undoubtedly mutual, although the parties might not have been equally vigilant in obtaining the legal written evidence to prove it.  The defendants were

33 OR.— 29.

the party to be charged by the memorandum, and it is signed by them. They should have taken care to have procured one from the other party. Indeed, it cannot be ascertained from the facts reported that they have not such a memorandum. In the case before referred to it was settled that the signature of one of the parties was sufficient to charge him:" *Penniman* v. *Hartshorn*, 13 Mass. 87, 90. See, also, *Egerton* v. *Mathews*, 6 East, 307, referred to in the opinion.

In *Johnson* v. *Dodgson*, 2 Mees. & W. 653, the defendant wrote the following memorandum in a sample book of his own, and retained it in his possession, viz.: "Leeds, 19th October, 1836. Sold John Dodgson, 27 pockets Playsted, 1836, Sussex, at 103s. The bulk to answer the sample. 4 pockets Selme, Beckley's at 95s. Samples and invoice to be sent per Rockingham coach. Payment in bankers' at two months. Signed for Johnston, Johnston & Co. D. Morse,"—and it was held sufficient to bind him under the statute of frauds. To the same effect, see *Salmon Falls Manufacturing Co.* v. *Goddard*, 55 U. S. (14 How.) 446; *Drury* v. *Young*, 58 Md. 546. Within the range of these authorities the memorandum in question would appear to be quite sufficient. It shows with definiteness and particularity the agreements of the parties, and is signed by defendants, the parties to be charged. For what purpose did they sign the agreement if it was not that they intended to be bound by it? Such is certainly the legal effect, and it fills the requirements of the statute of frauds.

<div align="right">AFFIRMED.</div>