This is a bill for specific performance. The writing on which the suit is based reads as follows:
"MAY 31st, 1928.
Received from Mr. John Komishane, check for $500 as deposit for property located at 202 McCabe Ave., Bradley Beach, New Jersey, price stipulated $12,600, additional $500 to be paid June 7th, 1928, and $2,500 September 1st, 1928 — time of passing title. Balance to make up purchase price to remain on bond and mortgage for a period of five years, principal $300 and interest on six per cent. every six months. Mr. Komishane is to pay the taxes for 1928. The price includes all furniture now in the premises with the exception of the piano and one electric fan.
 [Signed] JAMES V. PADULA CONCETTA PADULA JOHN KOMISHANE RAE KOMISHANE
Witness: MAX KOMISHANE."
The first reason given by defendants for failure to perform is that this writing is an option and not a contract.
In the case of Sooy et al. v. Henkelman, 104 N.J. Law 540, the court of errors and appeals laid down the general proposition that "whether a written instrument is an option or a contract for purchase of land depends upon the parties' intention, to be derived from the instrument, and when that is doubtful from the surrounding circumstances." That was an action at law, and it appeared that the plaintiff had admitted that the paper was an option. The court said: "We shall hereafter point out that the plaintiff's admission of the truth of that averment [that the paper was an option] as found in the pleadings is really decisive of the present controversy." It will be seen therefore that the decision in that case was based on facts entirely different from those found here. Yet the general principle laid down is controlling, and judging the writing above set forth in the light of it I come to the conclusion that it was meant to be and is a contract *Page 411 
of sale. It should be noted that defendants do not set up in the pleadings the defense that the paper is an option.
The next objection of defendants is that the paper writing which I have decided is a contract is void under the provisions of the statute of frauds.
The section (2 Comp. Stat. p. 2612 § 5) relied on by defendants provides as follows:
"That no action shall be brought * * * upon any contract or sale of lands, tenements or hereditaments or any interest in or concerning them * * * unless this agreement, upon which such action shall be brought or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."
A contract very similar to the one under review here was considered by Vice-Chancellor Berry in the case of Franklin v.Welt, 98 N.J. Eq. 602. It reads as follows:
"Received from Sigmund Welt one hundred [$100] dollars on account of purchase price of property known as No. 331 Franklin St., Elizabeth, N.J. Purchase price to be $5,000. Balance of $4,900 in cash on or before ninety [90] days when a warranty deed will be delivered free and clear of all encumbrances. Taxes, water rents, fire insurance to be adjusted as to date of passing title. We further agree to pay a commission of $175, same to be paid to Sigmund Welt, Kelly Coglan and P. Whelan, agents.
[Signed] ELLIS H. FRANKLIN [L.S.] NETTIE M. FRANKLIN [L.S.] SIGMUND WELT [L.S.] Witness LEO P. KELLY P.A. WHELAN."
The learned vice-chancellor filed an opinion in which he reviewed the decisions bearing on this subject and his conclusion as far as this case is concerned is expressed in section 1 of the syllabus as follows:
"A memorandum for the sale of land complies with the statute of frauds, though it does not in terms state an agreement to sell, if from a consideration of the whole memorandum it may be gathered that it was the intention of one party to convey and the other party to purchase." *Page 412 
In my opinion the statute of frauds has not been violated.
The next point is as to uncertainty. Defendants say that the contract cannot be enforced because it would be impossible to turn over the chattels enumerated in the contract.
This is answered in the case of Van Buren v. Fine, 101 N.J. Eq. 373.
In that case Vice-Chancellor Leaming says (at p.381):
"The contract was an entire contract for the sale of improved real estate and the chattels therein, and there appears to be no doubt of the power and duty of the court to enforce such a contract by a decree of specific performance in behalf of either party to it, when the course appears to be equitable and just. Nor can it be deemed essential that an inventory of the chattels be annexed to the contract if the chattels referred to in the contract are ascertained with certainty."
If there be any uncertainty as to the amount and character of the chattels to be transferred, this court can determine the matter either itself or by reference to a master. Van Buren v.Fine, supra.
The last objection is as to the title. It is claimed that there is no record of the death of one Emma Koegler, who appears in the title. That defect was supplied at the hearing. It is also claimed that there is a defect in a description from Mayo to Ackerman. Without going into an elaborate discussion of the title it appears that the property came into the possession of one Conklin. Mayo later conveyed to Conklin. Therefore if there were an error in Mayo's conveyance to Ackerman it was cured by Mayo's conveyance to Conklin.
I will advise a decree directing specific performance and dismissing the counter-claim. *Page 413