Argued at Pendleton October 26; reversed December 1, 1931

## WURZWEILER *v.* COX
(5 P. (2d) 699)

*George H. Brewster,* of Redmond (Max A. Cunning, of Redmond, on the brief), for appellant.

*N. G. Wallace,* of Bend, for respondent.

BELT, J. This is a suit for specific performance of a contract to convey real property. Certain parts of the amended complaint were stricken, upon motion of the defendant, and the plaintiff elected to stand upon the pleading. Thereupon defendant demurred to the complaint upon the ground that it failed to allege facts

sufficient to constitute a cause of suit. The court sustained the demurrer and, upon refusal of the plaintiff to plead further, the suit was dismissed. Hence this appeal.

It is alleged that the parties on the 21st day of February, 1931, entered into the following written agreement:

## "OCHOCO IRRIGATION DISTRICT
### Prineville, Oregon.

"Agreement for transfer of Real Estate between Arthur Wurzweiler and Ruth V. Cox. Said Ruth V. Cox agrees to furnish abstract and deeds to Lots 8-9-10 of Block 20 Ellingers Add. to Redmond, the same to be free of all incumbrances, and in return said Arthur Wurzweiler agrees to furnish deed and abstract to property in tract No. 1 of Prineville Acres known as the Ray Schee Property the same to be free of all incumbrances except a balance of $1,500.00 of World War Veterans State Aid Loan which is to be assumed by the said Ruth Cox. Each party to pay all the taxes to date including all of the 1930 State and County tax. Arthur Wurzweiler agrees to leave the electric range and drapes in the house when vacated. Ruth V. Cox to receive rent on the Redmond house until such time that the Wurzweilers vacate the house in Prineville either in May or June, 1931.

"Arthur Wurzweiler.
"Ruth V. Cox."

Further it was alleged that the "agreement between the plaintiff and defendant was partially in writing and partly oral. The oral portion of said agreement being that plaintiff was to deliver to Don Graham, an attorney at law at Prineville, Oregon an abstract of title to plaintiff's property in Prineville Acres, Crook county, Oregon, so that the said Don Graham

could examine said title, and a transfer of deeds to the respective properties, from the defendant to plaintiff, of Lots 8, 9 and 10 Block 20 Ellinger's Addition to Redmond, Deschutes county, Oregon, and from plaintiff to defendant of the R. L. Schee property, so commonly called, in tract No. 1, Prineville Acres, in Crook county, Oregon, was to take place immediately after the respective titles had been examined and approved by the attorneys for the parties.''

██ We are of opinion that the alleged oral agreement was properly stricken from the complaint. The contract is within the statute of frauds and therefore the written memorial thereof must contain all of the essential terms of the agreement. While under some circumstances it is competent for an agreement to be partly in writing and partly oral, such is not permissible where the statute provides otherwise: § 9-909, Oregon Code 1930; *Zoharopulos v. Hamilton, et al.,* 108 Or. 201 (216 P. 184). We must, therefore, look to the writing itself to ascertain the terms of the agreement.

██ It is elementary that equity will not decree specific performance unless the contract is definite, certain, and complete. The court cannot make a contract for the parties. Nor can it make clear that which is left in doubt and uncertainty.

██ Turning to the written agreement we find, clearly expressed, the intention of the parties to transfer and exchange their respective properties. The law implies an undertaking by both parties to convey a good and marketable title: 25 R. C. L. 331; Waterman on Specific Performance, § 414.

██ In the light of *Burns v. Witter,* 56 Or. 368 (108 P. 129), and *Bogard v. Barham,* 52 Or. 121 (96 P. 673),

the property is sufficiently described so that it may be identified beyond doubt. It was error for the court to strike the allegations of the complaint that the lots mentioned in the contract as belonging to the defendant were the only lots that she owned in Ellinger's Addition to Redmond, and that the R. L. Schee property in Prineville Acres was the only property owned by plaintiff in Prineville Acres, Crook county, Oregon. Furthermore, we see no objection to the allegation to the effect that, prior to the execution of the written agreement, the parties pointed out to each other their respective properties: 36 Cyc. 595. The mere fact that the town, county and state were not mentioned in the description is not fatal since it may be reasonably inferred that the R. L. Schee property was located at the place where the instrument was dated, namely, Prineville, Oregon: 36 Cyc. 592.

Neither do we think the contract indefinite or uncertain as to payment of taxes on the respective properties, since each party agreed to convey his property to the other free of all encumbrances except those specifically mentioned in the contract.

Defendant asserts that the following provision of the contract is indefinite and uncertain:

"Ruth V. Cox to receive rent on the Redmond house until such time that the Wurzweilers vacate the house in Prineville either in May or June, 1931."

If a tenant was occupying the Cox property and paying a certain amount of rental, that amount would, under the contract, go to the defendant until the Wurzweilers vacated their property in Prineville. If we are not permitted to infer that there was any tenant and, in fact, the house was unoccupied, then, of course,

Ruth Cox would receive no rent. There is nothing indefinite about this part of the agreement. The same may be said about the provision that:

"Arthur Wurzweiler agrees to leave the electric range and drapes in the house when vacated."

We think it a fair inference that the electric range and drapes were to go with the house and would belong to the defendant. Possession by Wurzweiler creates the presumption of ownership.

In our opinion the allegations of the complaint with reference to the damages alleged to have been sustained by reason of the failure of the defendant to convey the premises in accordance with the terms of the contract are insufficient to warrant any findings on this issue. The trial court was right in striking paragraph XIII from the complaint.

Concluding that the contract is sufficiently definite and certain, it follows that the court erred in sustaining a demurrer to the complaint.

The decree of the lower court dismissing the suit is reversed and the cause remanded to permit defendant to answer within ten days from date of mandate. Plaintiff is entitled to costs and disbursements.

ROSSMAN and CAMPBELL, JJ., not sitting.

———

KELLY, J. (Dissenting.) The amount of the "rent on the Redmond house until such time that the Wurzweilers vacate the house in Prineville" is not stated in the contract and no method is stated by which it may be determined. No allegation appears in the amended complaint that the house was tenanted at an agreed rental or at all. The contract expressly says that Mrs. Cox shall receive rent on the Redmond

house until the Wurzweilers vacate the Prineville house in May or June, 1931. At the time of the filing of the amended complaint, the Wurzweilers were still occupying the Prineville property. In this state of the record, it is my opinion that that provision of the contract is too indefinite to support a suit for specific performance. I am unwilling to cancel, ignore, or annul that part of the contract in order to compel specific performance of the other parts.

In my opinion, the presumption of ownership arising from possession is one of pleading. Neither that presumption nor any inference as to whether the house at Redmond was tenanted or untenanted may be invoked to aid the amended complaint when the same is tested by the strict rules of construction properly applicable in passing upon a demurrer.

For these reasons, I dissent.