Argued June 21; reversed July 26; rehearing denied
September 14, 1932

## HARDIN ET AL. *v.* DIMENSION LUMBER CO.

(13 P. (2d) 602)

*Philip Chipman,* of Portland (Carey, Hart, Spencer & McCulloch, of Portland, on the brief), for appellant.

*J. K. Weatherford,* of Albany (Weatherford & Wyatt, of Albany, on the brief), for respondents.

RAND, J. On January 7, 1927, plaintiffs, as parties of the first part, entered into a written con-

tract with defendant as party of the second part, for the purchase and sale of certain saw timber. So far as material, the contract reads as follows:

"WITNESSETH: That for and in consideration of the covenants and agreements hereinafter contained the parties of the first part hereby agree to sell to the party of the second part, and the party of the second part hereby agrees to purchase of the first parties all the saw timber situated upon the following described premises, to-wit: [describing them.]

"And the party of the second part hereby promises and agrees to pay to the first parties for said timber at the rate of $1.25 per M. and to pay said sum to the first parties in the following manner, to-wit:

"It is understood and agreed that said timber as cut and removed from said premises shall be scaled at the second party's sawmill, and upon such scale, and on or before the 15th day of each month the second party shall pay to the first parties for all timber cut and removed from said premises during the last previous calendar month the said sum of $1.25 per M, all payments to be made by the second party to the First Savings Bank of Albany, Oregon, for the account of said first parties, whereupon said bank shall apply said payments to the credit of that certain contract of sale of said premises held by said bank and existing between said bank and the first parties herein.

"It is further understood and agreed that the entire sale and purchase price of said timber is $1,400.00, and in the event the second party shall not take and remove from said premises timber, which at the rate of $1.25 per M. will not aggregate said sum of $1400.00 within one (1) year from the date hereof, then and in such event the second party shall pay to the first parties interest at the rate of six per cent per annum on the difference between the amount of timber so taken and paid for and the said sum of $1400.00; provided further that said sum of $1400.00 shall be fully due and payable on or before November 15, 1928.

"It is further understood and agreed that the second party may go in and upon said premises for the

purpose of cutting and removing said timber therefrom immediately, and shall continue to have such right to so enter and cut and remove said timber therefrom for and during the period of three (3) years from and after the date hereof. * * *''

Pursuant to this defendant cut and removed the timber contracted for and within one year from the date of the contract paid $1,400 as provided in the contract to the First Savings Bank of Albany, Oregon, on account of plaintiffs.

On March 11, 1930, after the timber had been cut and removed and the contract had in terms been terminated, plaintiffs brought this action to recover additional moneys under the contract, claiming that at the rate of $1.25 per thousand feet for the timber actually cut and removed from the land, there was a balance due plaintiffs of $3,956, and demanded judgment for the difference between that sum and the amount previously paid as aforesaid. The defendant answered, setting up the provisions of the contract and the payment by it to plaintiff of the sum of $1,400 in accordance with the terms of the contract as full payment for all timber cut and removed under the contract. To this part of the answer, which was pleaded as a further and separate answer and defense, plaintiff filed a general demurrer. The demurrer was sustained and the cause was tried before a jury upon the issue made by the allegations of the complaint and the denials contained in the answer. The trial resulted in a verdict and judgment for plaintiffs. The defendant has appealed.

1. There is no allegation of fraud or mistake in the pleadings, nor was there any intimation in the proof that plaintiffs did not know the contents of the agreement at the time they signed it. The sole contention was and is that the parties contracted to purchase and

sell all of the saw timber and that defendant agreed to pay therefor $1.25 per thousand feet and that the subsequent clause, which provides "that the entire sale and purchase prise of said timber is $1400.00," is repugnant to the provisions which precede it and therefore the last clause, which states the whole sum to be paid, is inoperative and must be disregarded on the principle that where there are two clauses in a contract that are so utterly repugnant to each other that they cannot stand together the first shall be received and the latter rejected. In support of this contention plaintiffs cite, among other cases, *Lachmund v. Lope Sing,* 54 Or. 106 (102 P. 598), where this court said:

"The general rule is that where in a contract clauses are repugnant and incompatible, the earlier prevails, if the inconsistency be not so great as to avoid the instrument for uncertainty. 1 Sheppard's Touch stone 88; 2 Parsons, Contracts, *513; Daniel v. Veal, 32 Ga. 589; Petty v. Boothe, 19 Ala. 633. This rule is subject to the qualification, however, that the contract must be construed to effect the intention of the parties as gathered from the entire instrument; and, if there are repugnant clauses, they must be reconciled, if possible. * * * The rule that rejects a repugnant clause of a contract is an expedient to which a court will very reluctantly, in any case, have recourse, and never unless absolutely compelled to do so. * * * "

After restating the same doctrine in *Gaines v. Vandecar,* 59 Or. 187 (115 P. 721), the court said:

" * * * In construing such a contract, it should be taken by the four corners, and the intent of the signers gathered therefrom, if it is possible to do so, giving due consideration to every part thereof."

Blackstone lays down the rule that: "In a deed if there be two clauses so totally repugnant to each other

that they cannot stand together, the first shall be received and the latter rejected.'' 2 Bl. Comm. 381. And in this state in the two cases just cited this principle was held applicable to contracts, but subject of course to the limitations and qualifications which this court pointed out. In considering this rule Williston says: ''It is obvious, however, that such a rule is extremely artificial and can only be accepted as a last resort.'' 2 Williston on Cont. § 624. In the same section he says:

'' * * * In most recent cases where it has been applied the latter clause was inconsistent with the general purpose of the contract, and for this reason alone might have been disregarded. If, however, the first clause is general in terms and the latter is particular, or if the latter clause is repugnant only to part of the earlier, it seems that the latter clause would be given full effect, and the earlier subjected to such qualifications as the latter might make necessary. The true rule seems to be as stated in a recent Maine decision [*Union Power Co. v. Lewiston,* 101 Me. 564 (65 Atl. 67)]:

'' 'When one intention appears in one clause in an instrument, and a different, conflicting intention appears in another clause in the same instrument, that intention should be given effect which appears in the principal or more important clause.' ''

■ The construction which plaintiff would have the court place on this contract would result in the absolute cancellation and rejection of the very provision of the contract which the parties intended should fix the ultimate price to be paid for all of the timber and would have the effect of making a new contract between the parties, which no court has power to do. It is a rule of universal application that a contract must be construed as a whole and effect must be given, if possible, to every word and phrase in it. This is one of the primary rules which is applicable not only

to written contracts but to writings generally. The rule is so elementary and so well recognized that citation of authority is unnecessary and none will be cited, except to call attention to the clear language of this court in *Chrisman v. State Insurance Company,* 16 Or. 283 (18 P. 466), where this court said: "It is the duty of the court to so construe them that no part of either shall be ineffectual and that all of the language used therein shall have its appropriate force and effect;" and again, "This contract must be so construed that every word and part thereof shall have effect, if possible. This is an elementary rule to be applied to all writings whenever any right is claimed under them in a court of justice."

■ It is also a universal rule of law that the obligations of the parties to a written contract must be gathered from the four corners of the instrument, and that no part of a contract can be ignored as inconsistent with the general intent, if by any reasonable method of interpretation effect can be given to such part of the contract as well as to the remaining parts thereof. 4 Page on Contracts § 2040; 17 Am. and Eng. Enc. of Law (2d Ed.) p. 4; *Dew v. Pearson,* 73 Wash. 607 (132 P. 412).

■ Applying these principles to the provisions of this contract it is obvious that when the first clause is considered in connection with the subsequent clause, which provides that the purchase price for all of the timber was $1,400 only, that the purpose of stipulating that the defendant should pay $1.25 per thousand feet as the timber was cut and removed from the land was to protect plaintiffs from having a part of their timber taken without its being paid for and not with the intention that payment at said rate was still to continue after the whole purchase price had been paid. If such

is not the intention to be gathered from the language of the contract, why should any total price be fixed in the contract, or why did the contract provide that if the entire amount was not paid within one year from the date of the contract interest should be charged on the unpaid balance, or why did it require the defendant to pay the whole amount not later than January 7, 1928. These provisions all refer to the one price stipulated in the contract and none of them had reference to the payment of any other sums or amounts whatever.

When this contract is considered as a whole and its provisions are interpreted according to the settled rules of law, it will be found that there is no repugnancy between any of its provisions. Tested by such rules it is clear that when the defendant paid to plaintiffs, in the manner and at the time provided in the contract, the full sum of $1,400, the entire purchase price of the timber was paid and thereafter no action would lie to recover any additional sums on account of such purchase. It was error, therefore, for the court to sustain the demurrer to the defense set up in the answer. It was also error for the court, under the admission made by plaintiffs that they had received and been paid by defendant for said timber the full sum of $1,400, to charge the jury that plaintiffs could recover any additional sum from defendant on account of said sale.

For these reasons the judgment appealed from will be reversed and the cause will be remanded for such further proceedings as are not inconsistent herewith.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.