Submitted on briefs April 10; reversed May 14, 1946

CHAMPION ET UX. *v.* HAMMER ET UX.

(169 P. (2d) 119)

*Sherman S. Smith,* of Grants Pass, for appellants.
*O. S. Blanchard,* of Grants Pass, for respondents.

HAY, J.

This case involves the construction of a written instrument, which reads as follows:

"THIS AGREEMENT MADE AND ENTERED INTO this 11th day of July, 1944, by and between R. L. HAMMER JR. and CLARA E. HAMMER, his wife, hereinafter known as parties of the first part, and JAMES C. CHAMPION and CLARA L. CHAMPION, husband and wife, hereinafter known as the parties of the second part,

## "WITNESSETH

"The parties of the first part for and in consideration of the sum of FOUR THOUSAND ($4,000.00) DOLLARS, plus the invoice wholesale cost price of that certain stock of goods now contained in the store building on the premises owned by the parties of the first part and situated on the Redwood Highway in Selma, Josephine County, Oregon, and more particularly described as follows, to-wit:

" * * * (here follows a description by metes and bounds of 0.27 acres of land).

"Together with the fixtures and equipment now used in connection with the business, consisting of the following, to-wit:

" * * * (here follows a list of certain gasoline pumps and other fixtures and equipment).

"The purchase price of the real property and fixtures to be paid in the following manner, to-wit:

"TWO THOUSAND ($2,000.00) DOLLARS on or before sixty (60) days from the date of the taking possession of the premises, fixtures and merchandise by the parties of the second part; and $100.00 (One Hundred Dollars) per month on the 1st day of each and every month following the completion of the inventory and the taking possession of the property and premises by the parties of the second part, until the full sum of the purchase price of the real property and fixtures is paid, together with interest at the rate of six (6%)

percent per annum; interest payable monthly upon the principal paying dates and in addition thereto.

"It is agreed that the building known as 'The Tavern' which is now incomplete will be completed immediately by the parties of the first part, and the parties of the second part shall have the use of the same free of rent for a period of one (1) year from the date of the occupancy of the said building by the parties of the second part. The said building when completed shall have installed therein a shower and sink, all of which is to be done at the expense of the parties of the first part.

"It is further agreed that the parties of the second part shall have the joint use with the parties of the first part, to that certain water system now installed and in use supplying water to the store building and premises, for a period of one (1) year.

"It is further understood that the parties of the first part agree not to enter into business competition with the parties of the second part within a radius of five miles from the premises which is the subject of this contract for a period of five (5) years from and after this date.

"It is further understood that this contract shall be effective on the date possession is given to the parties of the second part which possession shall be given on or before the 1st day of August, 1944; and thereafter the parties of the second part shall have the quiet undisturbed possession of the premises as long as the terms and conditions of this agreement are complied with by them.

"It is agreed that the Grants Pass Branch of the United States National Bank of Portland, Oregon, be and is hereby designated as the Escrow agent to accept and hold the Warranty Deed executed by the parties of the first part to the above described premises, and a Bill of Sale of the fixtures enumerated herein, which said Bill of Sale is to be held in the escrow bank until the terms and conditions with respect to the payments

are fully complied with by the parties of the second part. At which time the said bank is instructed to deliver the said deed and Bill of Sale to the parties of the second part.

"The said bank is further instructed that in the event the parties of the second part should default in regard to their monthly payments of One Hundred ($100.00) Dollars per month, and such default shall continue for a period of more than sixty (60) days, the said bank is to deliver to the parties of the first part, or either of them, upon their request being made therefor the said deed and bill of sale. This default, however, shall not apply to the payment of the Two Thousand ($2,000.00) Dollars, that is provided for in the contract to be made on or before sixty (60) days from the taking possession and the delivery of the papers to the escrow agent.

"Said bank is hereby instructed to accept any additional payments at any time that the parties of the second part might desire to make upon any of the monthly paying dates, up to and including the full amount of the balance of the purchase price of the property.

"The parties of the first part agree to immediately deliver to the Josephine County Abstract Company a description of the real property as the same appears in the deed executed on this date, and that the said abstract company shall be requested to prepare an abstract of title covering the said premises, and that when the same is prepared to deliver it to the escrow agent, hereinabove designated, and to notify W. T. Miller, Attorney at Law, United States National Bank Building, so that the same may be examined to determine whether or not the title to the said property is merchantable. If the said abstract does not show a merchantable title then the parties of the first part will take whatever steps that might be required to cure any defects that might exist in the title.

"It is agreed that before possession of the premises above described is delivered to the parties of the second part that a full and complete inventory of all the merchantable stock of goods, that is everything contained in the building for sale to the public, shall be made and the parties of the second part shall pay unto the parties of the first part the wholesale cost price of the same in cash; and should the inventory turn less than Three thousand Five hundred ($3,500.00) Dollars, the difference between the inventory and $3,500.00 shall be applied on the purchase price of the real property, but should the inventory of the goods and merchandise run more than $3,500.00, the full amount of the inventory shall be paid, by the parties of the second part before taking possession.

"It is agreed that the parties of the second part shall not sell or dispose of any of the fixtures or other articles used in the said store (not including the inventoried merchandise) it being understood that the title to the fixtures herein mentioned shall remain in the parties of the first part until the full payment has been made under the terms of this contract.

"IN WITNESS WHEREOF, The parties hereto have hereunto set their hand in triplicate the day and year first above written.

"R. L. HAMMER JR.
"CLARA E. HAMMER
"Parties of the First Part.
"JAMES C. CHAMPION
"CLARA L. CHAMPION
"Parties of the Second Part."

The amended complaint alleges that the plaintiffs, relying upon the foregoing instrument, removed from the State of California to Selma, Oregon, for the purpose of taking possession of said property, but that the defendants not only failed to take inventory of the merchandise and to deliver possession of the

property on or before August 1, 1944, but, on or about August 3, 1944, entirely repudiated the agreement. This action was thereupon instituted to recover damages of defendants as for breach of contract. The defendants demurred to the amended complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and upon the additional ground that the instrument sued upon "is not a contract and is not sufficient under the statute of frauds, as an agreement, to convey real estate, or personal property." The demurrer was sustained and the action was dismissed. Plaintiffs appealed.

◼ Respondents say that the instrument is nothing but "a rambling, incoherent, indefinite jumble of words". The criticism is a little to severe. It is our duty to construe the writing, if possible, so that it has meaning and validity. 12 Am. Jur., Contracts, section 251.

If the transaction between the parties was in fact an agreement for the sale of real and personal property, it was within the statute of frauds. Sections 2-909, subdivisions (5) and (6), and 71-104, O. C. L. A. Our inquiry must be directed to the question of whether or not the instrument is a sufficient note or memorandum of the agreement to satisfy the requirements of the statute.

◼ It has been said that, in such a case, the writing must show who are the contracting parties, "intelligently identify the subject matter involved, disclose the terms and conditions of the agreement, express the consideration and be signed by the party to be charged". *Oregon Home Builders v. Crowley,* 87 Or. 517, 170 P. 718, 171 P. 214.

Respondents contend that the instrument does not express any consideration whatever, and that it fails

to embody any agreement by the first parties to sell or convey the property, or by the second parties to purchase or to pay for it.

No special form of words is necessary to create a promise. If, from a fair interpretation of the language of the instrument, it appears that a promise was intended, that is sufficient, even though the promise is not stated in clear terms. 12 Am. Jur., Contracts, section 3; Williston on Contracts, Rev. ed., section 670; *E. I. Du Pont De Nemours & Co. v. Claiborne-Reno Co.,* 64 F. (2d) 224, 89 A. L. R. 238, 244. When both parties have signed the instrument, the signing by the first party is, in effect, his proposal or offer, and the signing by the second party is his acceptance thereof. The writing then represents or evidences the bargain between them. Cf. Williston on Contracts, Rev. ed., section 23. The signature of each of the parties is sufficient to charge him. "For what purpose did they sign the agreement if it was not that they intended to be bound by it?" *Stubblefield v. Imbler,* 33 Or. 446, 54 P. 198.

To be binding, however, a contract must be definite and certain. 12 Am. Jur., Contracts, section 64; *Wurzweiler v. Cox,* 138 Or. 110, 113, 5 P. (2d) 699; *Mossie v. Cyrus,* 61 Or. 17, 119 P. 485, 119 P. 624. In the instrument under consideration, we find that the parties and the subject-matter are definitely stated. The purchase price of $4,000 and the terms of payment are set forth. It is recited that the defendants, on the date of the contract, executed a warranty deed to the real property. An escrow agent is agreed upon, into whose hands the defendants agreed to deposit the deed, and a bill of sale of the personal property, to be delivered to the plaintiffs upon full compliance with the terms and conditions of the contract with

respect to payments. The deposit in escrow was to be made on the date when possession of the premises was to have been given to plaintiffs, which date was fixed. We think that the contract does not lack definiteness and certainty in these particulars. *Stubblefield v. Imbler,* supra (33 Or. 446, 54 P. 198.)

■ It is suggested that the contract is lacking in mutuality. 12 Am. Jur., Contracts, section 13. We find however, that there were, upon the part of the defendants, certain definite promises or obligations, of material import, whereby they agreed, among other things, to place their warranty deed and bill of sale in escrow, with definite instructions as to delivery thereof; to procure an abstract of title showing that they had a merchantable title to the real property; to permit examination of the abstract by plaintiffs' attorney, and to take the necessary steps to cure any defect in title; and to give possession of the property to plaintiffs on or before August 1, 1944. Counterbalancing these promises, plaintiffs concurrently agreed and obligated themselves to pay the purchase price, in accordance with the terms set forth. The promises of the defendants were consideration for the plaintiffs' promise, and vice versa. The agreement was, therefore, binding and obligatory upon both parties. *Livesley v. Johnston,* 45 Or. 30, 41, 76 P. 13, 946, 65 L. R. A. 783, 106 Am. St. Rep. 647; *Johnson v. Homestead-Iron Dyke Mines Co.,* 98 Or. 318, 329, 193 P. 1036; *Oregon Home Builders v. Crowley,* supra (87 Or. 517, 170 P. 718, 171 P. 214.)

■ The fundamental rule of construction in such cases is to arrive at the intention of the parties, if such intention can be gathered from the terms of the instrument. *Spencer v. Bales,* 108 Or. 339, 216 P. 746; *Beadle v. Sage Land, Etc., Co.,* 140 Mich. 199, 103 N. W.

554, 6 Ann Cas. 53, 55. In *Wollenburg v. Rynar,* 96 N. J. Eq. 38, 124 A. 361, which was an action against a vendor for specific performance of a contract of sale of real property, the written memorandum relied upon read as follows:

> "Received from F. R. Wollenburg, $60.00, deposit on 10 ft. (ten ft.) land adjoining stores at Clinton Place and Hawthorne Avenue; depth according to deed. Balance to be paid within two months, the sum of five hundred dollars."

■ It was held that "the recital that the balance, of what was undoubtedly the purchase price, was to be paid in two months, supplies the evidence of intention of a purchase and sale", and that the memorandum was sufficient under the statute of frauds. Similar writings were held to be sufficient in *Franklin v. Welt,* 98 N. J. Eq. 602, 131 A. 585, and *Padula v. Komishane,* 104 N. J. Eq. 409, 146 A. 200. The intention of the parties must be determined from a consideration of the entire instrument, and not of detached portions thereof. 17 C. J. S., Contracts, section 297; Page on Contracts, 2d ed., section 2038; *Hardin v. Dimension Lbr. Co.,* 140 Or. 385, 13 P. (2d) 602. In our opinion, the contract, under fair and reasonable interpretation, shows with sufficient certainty, despite the absence of apt and specific language of sale, an agreement of the parties respectively to sell and to purchase the described property. 66 C. J., Vendor and Purchaser, section 70, note 93. Poor English construction was employed by the draughtsman, there being an evident hiatus in the instrument where, customarily, there is a clause expressing the respective intentions of the parties to sell and to purchase, but such intentions, we think, are unavoidably inferable from the tenor of the whole instrument.

■ The contract provides that, before possession of the premises is to be given to plaintiffs, a full and complete inventory of the stock of merchantable goods therein was to be made, for which goods plaintiffs were required to pay defendants, in cash, at the wholesale cost price, which plaintiffs agreed to do. It is objected that the contract does not state by whom the inventory was to be taken. It seems to us, however, that reasonable construction indicates that it was to be taken by defendants, as they were in possession. They should have made their inventory in due course and submitted a copy thereof to plaintiffs, who, as a matter of law, were entitled to inspect the goods before taking delivery. 46 Am. Jur., Sales, Section 247; section 71-147, O. C. L. A.

■ The clause which provides that the contract "shall be effective on the date possession is given to the parties of the second part" should not be construed, as defendants suggest, as having been a condition precedent to plaintiffs' right to have required performance by defendants. While, in form, the clause is a condition precedent, it is one to have been performed by the vendors and not by the purchasers. It is to be construed, in this connection, as a covenant of the vendors to give possession, rather than as a condition precedent. Restatement, Contracts, section 260; *Atlantic-Pacific Oil Co. v. Gas Dev. Co.*, 105 Mont. 1, 20, 69 P. (2d) 750. Moreover, when properly construed, the clause is not repugnant to or incompatible with those obligations of the contract which the vendors undertook to perform before giving possession to the purchasers. When clauses in a contract are repugnant and incompatible, the general rule of construction is that, unless the inconsistency is so great as to avoid the instrument for uncertainty, the earlier clause pre-

vails. *Hardin v. Dimension Lbr. Co.,* supra (140 Or. 385, 13 P. (2d) 602); 12 Am. Jur., Contracts, section 243.

We are of the opinion that the writing under consideration complies with the requirements of the statute of frauds with respect to agreements for the sale of real property and of personal property. The judgment appealed from is reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.

Lusk, J., did not participate in this opinion.